Desmoulins v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand ten.

PRESENT:

> ROSEMARY S. POOLER,
> PETER W. HALL,
> *Circuit Judges*,
> MARK R. KRAVITZ,[*]
> *District Judge.*

---

Lavaud Desmoulins, *et al*.,

> *Plaintiffs-Appellants,*

v.

City of New York, *et al*.,

> *Defendants-Appellees,*

"John" Carolty, *et al*.,

> *Defendants.*

09-4514-cv (L), 09-4817-cv (Con)

---

[*]The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:                Lavaud Desmoulins, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:                Ellen S. Ravitch, Assistant Corporation
                                        Counsel, *for* Michael A. Cardozo,
                                        Corporation Counsel of the City of New
                                        York, New York, NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Reyes, *M.J.*).[**]

        **UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

        Appellant Lavaud Desmoulins appeals from the district court's judgment approving a settlement agreement entered into between Defendants-Appellees and a guardian *ad litem* acting on behalf of Plaintiffs-Appellants. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

        We review for abuse of discretion a district court's decision to appoint a guardian *ad litem*, to approve a settlement agreement, and to deny leave to amend a complaint. *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 200 (2d Cir. 2003) (appointment of a guardian *ad litem*); *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (approval of a settlement agreement); *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (denial of leave to amend). Pursuant to Fed. R. Civ. P. 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." In approving a settlement agreement, the district court should "determine whether a proposed settlement is fair, reasonable, and adequate, by comparing the

_____

        [**]The parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c).

2

terms of the compromise with the likely rewards of litigation." *Neilson*, 199 F.3d at 654 (internal quotations and alterations omitted).

Here, in appointing a guardian *ad litem*, the magistrate judge carefully considered Desmoulins's ability to prosecute his rights and make rational decisions in light of numerous factors, including subpoenaed medical records documenting his mental health issues. Additionally, in proposing a settlement agreement, Desmoulins's guardian *ad litem* thoroughly considered the fairness and adequacy of the agreement in light of the risks of continued litigation. Under these circumstances, the conclusory assertions in Desmoulins's brief provide no basis for determining that the magistrate judge abused his discretion in appointing a guardian *ad litem* or approving the settlement agreement. Additionally, the magistrate judge did not abuse his discretion in denying Desmoulins's *pro se* motion to file a second amended complaint, because, at the time that the motion was terminated, a settlement agreement had already been entered into by Defendants-Appellees and Plaintiffs-Appellants, represented by their guardian *ad litem*.

Finally, contrary to the assertions in Desmoulins's brief, there is no indication that his subpoenaed medical records were tampered with or improperly distributed. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk